IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 11–cv–00967–REB–KMT

TIMOTHY JOHN KENNEDY,

    Plaintiff,

v.

MARK A. FINLEY,
ERNEST ROGER PEELE,
SHERIFF TERRY MAKETA,
SHERIFF JOHN WESLEY ANDERSON,
EL PASO COUNTY SHERIFF'S OFFICE, and
UNITED STATES OF AMERICA,

    Defendants.

# ORDER

This matter is before the court on the "Unopposed Motion to Stay Discovery and Case Proceedings" (Doc. No. 8, filed June 15, 2011).

Plaintiff filed his Complaint on April 12, 2011. (Doc. No. 1.) On June 1, 2011, Defendants Finley, Maketa, and El Paso County Sheriff's Office ("County Defendants") filed their Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).[1] (Doc. No. 6.) The Motion to Dismiss is presently pending before District Judge Robert E. Blackburn. The County Defendants now move for a stay of the proceedings pending ruling on their Motion to Dismiss.

---

[1] There is no indication Defendant United States of America has been served with the Complaint, and it has not entered an appearance.

The underlying principle in determination of whether to grant or deny a stay clearly is that "[t]he right to proceed in court should not be denied except under the most extreme circumstances." *Commodity Futures Trading Com'n v. Chilcott Portfolio Management, Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983) (quoting *Klein v. Adams & Peck*, 436 F.2d 337, 339 (2d Cir. 1971)).  In other words, stays of the normal proceedings of a court matter should be the exception rather than the rule.  As a result, stays of all discovery are generally disfavored in this District.  *Chavez v. Young Am. Ins. Co.*, No. 06-cv-02419-PSF-BNB, 2007 WL 683973, at *2 (D. Colo. Mar. 2.2007) (citation omitted).  However, a stay may be appropriate in certain circumstances.  The Court weighs several factors when evaluating the propriety of a stay.  *See String Cheese Incident, LLC v. Stylus Show, Inc.*, No. 02-cv-01934-LTB-PAC, 2006 WL 894955, at * 2 (D. Colo. Mar. 30, 2006) (describing five-part test).  The Court considers (1) the interest of Plaintiff; (2) the burden on Defendants in going forward; (3) the Court's convenience; (4) the interest of nonparties; and (5) the public interest in general.  *Id.*  Here, these factors weigh in favor of the entry of a stay.

A motion to stay discovery pending determination of a dispositive motion is an appropriate exercise of this court's discretion.  *Landis v. North American Co.*, 299 U.S. 248, 254–255 (1936).  The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.  How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.  *Kansas City Southern Ry. Co. v. United States*, 282 U.S. 760, 763 (1931).

Case 1:11-cv-00967-REB-KMT   Document 10   Filed 06/22/11   USDC Colorado   Page 3 of 4

In this case, there is no prejudice to any party by granting a stay. The defendants argue their Motion to Dismiss alleges Plaintiff has failed to state claims in this lawsuit based on applicable statutes of limitations and the fact that appeal of the trial court's decision to grant Plaintiff a new criminal trial is pending. Defendants also argue that the burden upon defendants would be costly and time consuming. Finally, Defendants argue that a stay with further the interests of judicial economy and the public's interest in maintaining the integrity of the criminal investigation. Plaintiff does not oppose the stay. The court agrees that in this case it is sensible to determine whether Plaintiff's case will be precluded by the applicable statutes or by the trial court's decision to grant Plaintiff a new criminal trial before putting the parties through the process and expense of discovery. The court also considers its own convenience, the interests of non-parties, and the public interest in general. None of these factors prompt the court to reach a different result. Therefore, it is

**ORDERED** that the "Unopposed Motion to Stay Discovery and Case Proceedings" (Doc. No. 8) is GRANTED. This case is STAYED pending ruling on Defendants' Motion to Dismiss. All deadlines and hearings set in the Order Setting Rule 16(b) Scheduling Conference and Rule 26(f) Planning Meeting are VACATED. It is further


In this case, there is no prejudice to any party by granting a stay. The defendants argue their Motion to Dismiss alleges Plaintiff has failed to state claims in this lawsuit based on applicable statutes of limitations and the fact that appeal of the trial court's decision to grant Plaintiff a new criminal trial is pending. Defendants also argue that the burden upon defendants would be costly and time consuming. Finally, Defendants argue that a stay with further the interests of judicial economy and the public's interest in maintaining the integrity of the criminal investigation. Plaintiff does not oppose the stay. The court agrees that in this case it is sensible to determine whether Plaintiff's case will be precluded by the applicable statutes or by the trial court's decision to grant Plaintiff a new criminal trial before putting the parties through the process and expense of discovery. The court also considers its own convenience, the interests of non-parties, and the public interest in general. None of these factors prompt the court to reach a different result. Therefore, it is

**ORDERED** that the "Unopposed Motion to Stay Discovery and Case Proceedings" (Doc. No. 8) is GRANTED. This case is STAYED pending ruling on Defendants' Motion to Dismiss. All deadlines and hearings set in the Order Setting Rule 16(b) Scheduling Conference and Rule 26(f) Planning Meeting are VACATED. It is further

**ORDERED** that the parties shall file a joint status report within ten days of the district court's ruling on the Motion to Dismiss if any portion of the action remains pending.

Dated this 22nd of June, 2011.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge