IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 11–cv–00967–REB–KMT

TIMOTHY JOHN KENNEDY,

    Plaintiff,

v.

MARK A. FINLEY,
ERNEST ROGER PEELE,
SHERIFF JOHN WESLEY ANDERSON,
EL PASO COUNTY SHERIFF'S OFFICE, and
UNITED STATES OF AMERICA,

    Defendants.

## ORDER

    This matter is before the court on Defendants Mark A. Finley, Sheriff John Wesley Anderson, and El Paso County Sheriff's Office's "Motion to Stay of Discovery" (Doc. No. 64, filed January 24, 2012). Plaintiff filed his response on February 6, 2012. (Doc. No. 69.)

    This action arises from Plaintiff's claims of malicious prosecution related to the March 11, 1991 murders of Jennifer Carpenter, a minor, and her boyfriend, Steve Staskieweicz. Plaintiff was convicted of these murders on August 8, 1997 in 95CR4541. On April 9, 2009, following a hearing pursuant to Colo. R. Cr. P. 35(c), 4th Judicial District Judge Kane granted Plaintiff a new trial. Plaintiff then commenced this malicious prosecution action. The 4th Judicial District Attorney's Office appealed the ruling of Judge Kane. This appeal has been

pending since 2009 in 09CA1172.  Briefing on the appeal is proceeding.  Defendants Finley, Anderson, and El Paso County Sheriff's Office move to stay this case pending the underlying state appeal.[1]

Under Tenth Circuit case law, a § 1983 malicious prosecution claim includes the following elements: (i) the defendant caused the plaintiff's continued confinement or prosecution; (ii) the original action terminated in favor of the plaintiff; (iii) no probable cause supported the original arrest, continued confinement, or prosecution; (iv) the defendant acted with malice; and (v) the plaintiff sustained damages.  *See Wilkins v. DeReyes*, 528 F.3d at 799.  Defendants argue that the termination of the prior criminal proceeding in favor of the accused is an essential element of the claim, *see Heck v. Humphrey*, 512 U.S. 477, 484 (1994), and that if the Colorado Court of Appeals reverses Judge Kane's Order granting a new trial, an essential element for a malicious prosecution claim–the original action terminated in favor of the plaintiff–will no longer exist, and that no basis would exist for Plaintiff's malicious prosecution claims against the County Defendants.

Defendants also argue that since Plaintiff's state criminal proceedings remain ongoing at the Colorado Court of Appeals in Case No. 09CA1172, a stay of this action is appropriate under the *Younger* and *Deakins'* Doctrines.  *Younger v. Harris*, 401 U.S. 37 (1971); and *Deakins v. Monaghan*, 484 U.S. 193, 202-203 (1988).  The 10th Circuit has held,

---

[1] The FBI Defendants currently are subject to a stay of discovery pending ruling on their Motion to Dismss.  (*See* Doc. No. 60.)

> Under the Younger abstention doctrine, federal courts should not "interfere with state court proceedings by granting equitable relief - such as injunctions of important state proceedings or declaratory judgments regarding constitutional issues in those proceedings -" when a state forum provides an adequate avenue for relief. *Rienhardt v. Kelly*, 164 F.3d 1296, 1302 (10th Cir. 1999). "Younger abstention is non-discretionary;" the district court must abstain once the conditions are met, "absent extraordinary circumstances." *Amanatullah*, 187 F.3d at 1163.  As this court stated in Amanatullah:
>
> A federal court must abstain from exercising jurisdiction when: (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings "involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.

*Weitzel v. Division of Occupational & Prof'l Licensing*, 240 F.3d 871, 875 (2001)(internal citations omitted).

Defendants argue that all three *Younger* elements are met in the present case: (1) Plaintiff's underlying state criminal case (95CR4541) is still pending in 09CV1172; (2) the 4th Judicial District Attorney's Office is appealing the Court's vacating the Plaintiff's conviction and therefore the state court provides an adequate forum; and (3) the appeal involves important state interests of prosecuting Plaintiff for criminal state violations.

Defendants also argue that *Deakins* further supports County Defendants' position for the stay:

> Even if the Younger doctrine required abstention here, the District Court had no discretion to dismiss rather than to stay respondents' claims for monetary relief that cannot be redressed in the state proceeding. The circuit rule requiring a stay in such circumstances is sound since it allows the parallel state proceeding to go forward without interference from its federal sibling, while enforcing the federal courts' duty to exercise their jurisdiction.

*Deakins v. Monaghan*, 484 U.S. 193, 201 (1988).

Finally, Defendants argue that a stay of discovery in this case is appropriate because (1) the plaintiff will suffer no prejudice from a delay of discovery as Plaintiff's underlying criminal matter is currently under appeal at the Colorado Court of Appeals; (2) this case involves voluminous documents, videotapes and transcripts; (3) the discovery process in this case is time consuming and more extensive than most malicious prosecution cases; (4) to engage in the discovery stage of this case is proving expensive, and will continue to be more expensive for all parties; and (5) a stay of discovery proceedings may also serve the interests of judicial economy.

The court agrees with the defendants.  Plaintiff's counsel does not oppose the stay; however Plaintiff does oppose the stay.  (*See* Doc. No. 69.)  While the court recognizes the Plaintiff's interest in proceeding in this matter, his interest is not outweighed by the burden to Defendants of proceeding while the underlying criminal matter is under appeal.  Balancing the factors addressed by Defendants, and also considering the interests of non-parties and the public interest in general, the court finds that a stay of discovery and other deadlines is appropriate in this case.

Therefore, it is

**ORDERED** that "Motion to Stay of Discovery" (Doc. No. 64) is **GRANTED**.  This matter is **STAYED** as to Defendants Mark A. Finley, Sheriff John Wesley Anderson, and El Paso County Sheriff's Office's, pending conclusion of the  underlying state appeal.  The County Defendants shall file a status report no later than five days after the conclusion of the state appeal to advise whether the case should be set for further scheduling.

Dated this 9th day of February, 2012.

BY THE COURT:

*[signature]*

Kathleen M. Tafoya
United States Magistrate Judge