IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11–cv–00967–REB–KMT

TIMOTHY JOHN KENNEDY,

    Plaintiff,

v.

MARK A. FINLEY,
ERNEST ROGER PEELE,
SHERIFF JOHN WESLEY ANDERSON,
EL PASO COUNTY SHERIFF'S OFFICE, and
UNITED STATES OF AMERICA,

    Defendants.

## ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

This matter is before this court on the "Unopposed Motion to Vacate Pending Deadlines and Trial Date" (Doc. No. 71, filed March 18, 2012).

In his Complaint, Plaintiff asserts section 1983 claims against the County Defendants (Mark Finley, Terry Maketa, John Anderson, and the El Paso County Sheriff's Office); a *Bivens* claim against Defendant Peele; and a claim under the Federal Tort Claim Act against the United States. (Doc. No. 21.) This action arises from allegations of malicious prosecution of Plaintiff Tim Kennedy for the March 11, 1991, murders of Jennifer Carpenter, a minor, and her boyfriend, Steve Staskieweicz. Plaintiff was convicted of these murders on August 8, 1997, in Case No. 95CR4541. On April 9, 2009, following a hearing pursuant to Colo. R. Crim. P. 35(c), Fourth

Judicial District Judge Thomas Kane granted Plaintiff a new trial.  (Order, People v. Kennedy, 95CR4541, April 21, 2009.)  Judge Kane ruled that the granting of the new trial invalidated the convictions, and therefore the malicious prosecution claim was ripe.  The Fourth Judicial District Attorney's Office has appealed the ruling of Judge Kane.  (People v. Kennedy, No. 09CA1172 (Colo. Ct. App.)).  On January 6, 2012, Plaintiff Kennedy's criminal defense attorneys filed an Answer Brief in the Colorado Court of Appeals.  (*See* Doc. No. 64, Ex. 1.)  The County Defendants' have stated they would be filing a timely Reply Brief in the Court of Appeals by March 6, 2012.  (*See* Mot., ¶ 4.)

Based on all of these developments, the County Defendants moved to stay discovery in this case.  (Doc. No. 64.)  This court granted the motion and stayed discovery.  (Doc. No. 70.)  Further, discovery against the Federal Defendants had previously been stayed because the Federal Defendants raised qualified and absolute immunity defenses.  (Doc. Nos. 34, 35.)  The Federal Defendants' motions to dismiss remain pending.  Thus, all discovery in this case is presently stayed.

The parties seek to vacate all pending deadlines, such as the dispositive motion deadline, and all hearings set in this matter, including the Final Pretrial Conference set for July 12, 2012, the Trial Preparation Conference set for August 24, 2012, and the Trial set for September 10, 2012.  The parties argue that under *Younger v. Harris*, 401 U.S. 37 (1971), and *Deakins v. Monaghan*, 484 U.S. 193 (1988), vacating the deadlines is appropriate.  This court previously has analyzed and agreed with this position in its Order granting the stay of discovery.  (*See* Doc.

No. 70.) The court also agrees that, under the circumstances, it also is appropriate to vacate the pending deadlines and hearings, including the Trial Preparation Conference and Trial.

WHEREFORE, for the foregoing reasons, it is

ORDERED that all deadlines, including the dispositive motions deadline and expert disclosure deadlines, are VACATED. It is further

ORDERED that the Final Pretrial Conference set for July 12, 2012, is VACATED. It is further

RECOMMENDED that the Trial Preparation Conference set for August 24, 2012, and the Trial set for September 10, 2012, be VACATED pending a ruling by the Colorado Court of Appeals on the underlying state appeal.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *U.S. v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's

proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 28th day of March, 2012.

BY THE COURT:

/s/ Kathleen M. Tafoya
Kathleen M. Tafoya
United States Magistrate Judge